COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Frank and Haley

MARIO ARISTIDES RIVAS-MARQUEZ

MEMORANDUM OPINION[*]

v.      Record No. 0944-21-2          PER CURIAM
                                      JUNE 21, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

(Nathanael W. Buczek; Williams Stone Carpenter Buczek, PC, on
brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.


Appellant's counsel has moved for leave to withdraw and has filed a brief referring to the

part of the record that might arguably support this appeal. A copy of that brief has been

furnished to appellant with sufficient time for him to raise any matter that he chooses. Appellant

has not filed any *pro se* supplemental pleadings. We have reviewed the parties' pleadings, fully

examined the proceedings, and determined the case to be wholly without merit as set forth below.

Thus, the panel unanimously holds that oral argument is unnecessary. *See* Code § 17.1-403(ii)(a);

Rule 5A:27(a).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

In April 2013, a grand jury indicted appellant for four counts of rape and one count of attempted forcible sodomy. Appellant subsequently entered an *Alford*[2] plea to five counts of indecent liberties. The plea agreement proffered that, had the case gone to trial, the Commonwealth would have proved that appellant vaginally penetrated his then-four-year-old daughter with his penis and attempted to put his penis in her mouth. As part of the plea agreement, the Commonwealth agreed to recommend a total sentence of fifty years in prison, with forty-eight years suspended. The plea agreement further provided that appellant, a citizen of El Salvador whose presence in the United States violated federal immigration laws, "shall immediately upon the completion of his active incarceration leave the United States either through deportation or at his own expense" and that he "shall not return to the United States." Appellant agreed that, if he returned to the United States, he would be in violation of the plea agreement and "shall serve the remainder of his suspended sentence as active incarceration and the sentences shall run consecutively." The trial court accepted the plea agreement and imposed the recommended sentence. The trial court incorporated into the sentencing order the plea agreement's conditions that appellant leave the United States permanently and that, if he returned, he would serve the full remainder of his sentence.

Appellant served his active sentence and was deported. When appellant reentered the United States in 2019, he was detained and convicted in federal court of illegal reentry. The Commonwealth then moved to revoke appellant's previously-suspended sentence. At the revocation hearing, appellant conceded that he violated the conditions of his suspended sentence by

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

illegally reentering the United States. Appellant argued, however, that the plea agreement's provision that his entire suspended sentence be reimposed if he came back to the United States was unconscionable and therefore unenforceable. Specifically, appellant asserted that (1) appellant did not speak English well and did not understand the terms to which he had agreed and (2) the terms excessively punished reentering the United States, a violation appellant's counsel described as a "technicality." Appellant requested an active sentence of six and a half years' imprisonment. No revocation sentencing guidelines were prepared for the trial court's review at the revocation hearing.

The trial court found appellant's assertion that he did not understand the plea agreement's terms to be "incredible" and found that the agreement was "very clear on it[]s face." The trial court acknowledged but rejected appellant's argument that the plea agreement was unconscionable and reimposed the entire suspended sentence of forty-eight years. This appeal followed.

ANALYSIS

I.

Appellant first argues that the trial court abused its discretion by not preparing and reviewing sentencing guidelines at the revocation hearing. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)).

Because appellant did not object to the lack of sentencing guidelines, he has not preserved this issue for appellate review. He does not invoke any of the exceptions to Rule

5A:18, and we will not raise them *sua sponte*.[3] *See Hicks v. Commonwealth,* 71 Va. App. 255, 269 n.6 (2019).

## II.

Appellant next argues that the provision in his plea agreement requiring him to serve the entire remaining sentence if he returned to the United States was unconscionable and unenforceable. Generally, after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the violation is that the defendant committed a new criminal offense, the court may "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). Accordingly, the trial court was permitted to reimpose appellant's entire suspended sentence even in the absence of the plea agreement.

Nonetheless, we assume for the sake of argument that a trial court may abuse its discretion by basing its revocation decision on an invalid plea agreement.[4] "A circuit court's

---

[3] In any event, a trial court's failure to review sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(A), (F); *see also West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007); *Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019).

[4] The trial court incorporated the challenged provision of the plea agreement into its 2013 sentencing order. Accordingly, the trial court's decision to reimpose appellant's full suspended sentence may be more properly understood as being based on the 2013 sentencing order rather than on the plea agreement, which by its own express terms did not bind the trial court to impose

interpretation of a plea agreement is governed by the law of contracts and is a matter of law subject to *de novo* review." *Bardales v. Commonwealth*, 71 Va. App. 737, 743 (2020). "To the extent that factual findings of the circuit court are part of the analysis, we cannot disturb factual findings made by the circuit court unless they are plainly wrong." *Id.*

The Commonwealth argues that the affirmative defense of unconscionability does not apply to plea agreements. We need not decide that issue today, because the provision in question is not unconscionable.[5] Traditionally, for a contract to be unconscionable, it must have been "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Chaplain v. Chaplain*, 54 Va. App. 762, 774 (2009) (internal quotation marks omitted). Unconscionability contains both procedural and substantive components, both of which must be met to render a contractual provision unenforceable. *Id.* Procedural unconscionability requires a showing that the bargaining process was inequitable, while substantive unconscionability requires a showing of gross disparity in the substantive terms "as to shock the conscience." *Id.* at 773-74.

Appellant argues that the plea agreement was procedurally unconscionable because appellant is not a native English speaker and may not have understood fully the provisions of the agreement. This argument, if accepted, would seemingly render procedurally unconscionable all plea agreements the Commonwealth enters into with non-native English speakers. We reject that contention. Appellant was provided an attorney, a translator, and a circuit court hearing specifically designed to ensure that appellant fully understood the provisions to which he was

_____

any particular sentence. Because the trial court based the 2013 sentencing order on the plea agreement, however, we will consider appellant's challenge to the agreement.

[5] Appellate courts should decide appeals "on the best and narrowest grounds available." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)).

agreeing by pleading guilty. Appellant provides no evidence that these procedures were insufficient to counteract any inequity arising from appellant's language skills.

Appellant argues that the plea agreement was substantively unconscionable because it applied an overly harsh punishment for a mere probation violation. Analyzing the agreement's fairness, however, requires that we assess not only what appellant gave up in the agreement, but also the benefit he received. At the time appellant entered into the agreement, he was charged with four counts of rape and one count of attempted forcible sodomy. Because the victim was under eighteen years old, had appellant been convicted of these charges at trial, each rape conviction would have carried a mandatory life sentence. *See* Code § 18.2-61(A)(iii), (B)(ii). In exchange for appellant's plea and his agreement to leave the United States permanently, the Commonwealth reduced appellant's charges to five counts of indecent liberties—each of which carried a maximum sentence of ten years' imprisonment—and recommended to the trial court that appellant serve an active sentence of only two years' incarceration. An active sentence of only two years for vaginally penetrating a four year old on four separate occasions was a substantial benefit to appellant, one appellant may not have received had he not agreed to the terms he now challenges on appeal. Finally, contrary to appellant's contention that forty-eight years is an excessive punishment for a probation violation, when a court reimposes a previously-suspended sentence, it is "modifying" the punishment for the underlying offenses— five counts of indecent liberties in this case—not sentencing the defendant for the violation. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 319-22 (2002) (holding that lower court did not abuse its discretion by reimposing in its entirety a suspended sentence in excess of twenty-four

years based on the commission of two misdemeanor probation violations). Accordingly, the plea agreement was not substantively unconscionable.[6]

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Mario Aristides Rivas-Marquez is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*

---

[6] Appellant also argues that the plea agreement is an adhesion contract. An adhesion contract is a "standard-form contract prepared by one party, to be signed by another party in a weaker position, usually a consumer, who adheres to the contract with little choice about the terms." *Adhesion Contract, Black's Law Dictionary* (11th ed. 2019). Plea agreements are not standard-form contracts over which the defendant has no negotiating power and, even if they were, adhesion contracts are not necessarily unconscionable.